**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00829-CMA-MJW

NANCY M. MARESH,

      Plaintiff,

v.

INSIGHT FINANCIAL CORPORATION,
DAVID H. SCHELL, Individually and in his corporate capacity,
TERESA LOPEZ, in her corporate capacity at Spirit Money Mortgage,
WASHINGTON MUTUAL BANK, F.A.,
JP MORGAN CHASE BANK, N.A., f/k/a Washington Mutual Bank,
JAMIE DIMON, Individually and in his corporate capacity,
HUSCH BLACKWELL, LLP, ET AL,
MICHAEL SMITH, Individually and in his corporate capacity,
THE CASTLE LAW GROUP, LLC, ET AL, f/k/a Castle Stawiarski, LLC,
DEANNE WESTFALL, Individually and in her corporate capacity,
THE HOPP LAW FIRM, LLC, ET AL,
ROBERT J. HOPP & ASSOCIATES, LLC, ET AL,
ROBERT J. HOPP, Individually and in his corporate capacity,
BOULDER COUNTY PUBLIC TRUSTEE, ET AL,
RICHARD GEBHARDT, Individually,
COLIN ZIMMERMAN, Individually and in his corporate capacity as Deputy Trustee,
JOHN AND JANE DOES 1-1000,

      Defendants.

---

## ORDER REGARDING COMPLAINT

---

This case is before the Court *sua sponte* as a result of its review of the docket.

## I. BACKGROUND

Plaintiff initiated this lawsuit *pro se* on April 1, 2013.  (Doc. # 1.)  Plaintiff relies

on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as

supplemental and diversity jurisdiction as jurisdictional bases for her claims.  (*Id.* at 3.)

Plaintiff asks the Court for relief citing various claims that relate to breach of contract,

unjust enrichment, and RICO.  In so doing, Plaintiff's complaint spans 56 pages and

contains 173 numbered paragraphs.

## II. <u>LEGAL STANDARD</u>

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint

must provide fair notice to the Defendants sued of what the claims are and the grounds

supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that

the allegations, if proven, show that the Plaintiff is entitled to relief.  *Monument Builders*

*of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 1480 (10th Cir.

1989).  The factual allegations in the complaint "must be enough to raise a right to relief

above the speculative level."  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d

1188, 1191 (10th Cir. 2009).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and

plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought . . . ."  Fed. R. Civ. P. 8.  Furthermore, in a lawsuit bringing allegations

of fraud (which is mentioned in the complaint here), the pleading must comply with Rule

9(b), prescribing that the circumstances constituting fraud be stated with particularity.

Fed. R. Civ. P. 9.

### III. DISCUSSION

The Tenth Circuit encourages district courts to "helpfully advise a *pro se* litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010). Plaintiff's unnecessarily lengthy complaint fails to clearly and manageably articulate the specific allegations as to each defendant and the corresponding basic details, such as the date of the act or identification of alleged actor, as well as the specific legal right each defendant allegedly violated. The complaint contains unnecessary and lengthy quotations from non-legal sources and vague factual statements that are not logically organized. The complaint also does not include a demand for the relief. In short, the complaint totally fails to comply with the federal and local rules.

In order to secure the just, speedy and inexpensive determination of this matter, as dictated by Rule 1 of the Federal Rules of Civil Procedure, the Court finds it necessary to *sua sponte* strike the Complaint due to its failures as set forth above. The Court grants Plaintiff leave to file, **on or before May 10, 2013**, an amended complaint that complies with this Order, Rule 8 of the Federal Rules of Civil Procedure,

and Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

The Court advises Plaintiff to provide a short and concise statement explaining what each defendant did to her, when each defendant did it, how each defendant's action harmed her, what specific legal right each defendant violated, and what remedy she seeks for each violation.  The Court informs Plaintiff that failure to comply with this Order by not filing an Amended Complaint on or before May 10, 2013, could result in the dismissal of her case.

DATED:  April __12th__, 2013

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge